**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 99-20677

ERLY INDUSTRIES,
AMERICAN RICE INC.,

Plaintiffs-Appellees,

versus

M/V CHADA NAREE, Her Engines, Tackle, Apparel, ect;
PRECIOUS GARNETS, LTD.,
PRECIOUS SHIPPING, LTD.,

Defendants-Appellants.

PRECIOUS GARNETS, LTD., as Owner of the M/V CHADA NAREE;
PRECIOUS SHIPPING (MAURITIUS), LTD., as Disponent Owner of the M/V CHADA
NAREE;

Plaintiffs-Appellants,

versus

COMMERCIAL UNION INSURANCE CO.,
As alleged subrogated underwriter of
AMERICAN RICE, INC., and
ERLY INDUSTRIES, INC; ERLY INDUSTRIES, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
(99-cv-1156)

July 6, 2000

Before JONES and BENAVIDES, Circuit Judges, and WALTER, District Judge.[*]

---

[*] District Judge of the Western District of Louisiana, sitting by designation.

PER CURIAM:[**]

Precious Shipping, Ltd. (Mauritius), a Mauritius corporation, and owner of the M/V Chada Naree entered into a North American Grain Charter Party (the charter), dated May 20, 1997, with American Rice, Inc. (ARI), which provided that a shipment of rice be delivered from Kandla, India, to Freeport, Texas, aboard the M/V Chada Naree. The charter contained an unambiguous provision that all disputes arising from the contract would be subject to the laws of the United States and arbitrated in New York. The Bills of Lading incorporated by reference the arbitration provision of the charter. The rice was damaged during the voyage from India to Texas. On August 25, 1998, CU filed suit in the Southern District of Texas on behalf of ARI and Erly against Mauritius and Precious Garnets, Ltd., (Garnets) also an owner of the M/V Chada Naree.

On October 21, 1998, the Texas district court stayed the action pending arbitration of the matter in New York. Two days later, ARI notified Mauritius of its demand for arbitration. CU subsequently raised the issue of who the proper parties to the arbitration should be, contending Erly, ARI, Mauritius and Garnets should all proceed in a consolidated action. Mauritius objected on the grounds that neither Erly nor Garnets were parties to the charter.

To settle the matter of who must arbitrate, Mauritius and Garnets filed a declaratory judgment action in a New York district court on January 20, 1999. ARI and Erly moved to lift the stay issued in the Texas district court, claiming Mauritius and Garnets waived arbitration by pursuing litigation outside arbitration. On March 31, 1999, the Texas district court entered an order lifting the stay pending arbitration without explanation. On April 2, 1999, the New York district court transferred the declaratory judgment action to the Texas district court. On July 16, 1999, Mauritius and Garnets appealed. On July, 23, 1999, the Texas district court reinstated the stay.

---

[**] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Mauritius and Garnets appealed: (1) the March 31st order lifting the stay, (2) the validity of the July 23rd order reinstating the stay, and (3) the transfer of the matter from the New York district court to the Texas district court.

"[A] finding that a party has waived its right to arbitration is a legal conclusion subject to our plenary review, but . . . the findings upon which the conclusion is based are predicate questions of fact, which may not be overturned unless clearly erroneous." Price v. Drexel Burnham Lambert, Inc., 791 F.2d 1156, 1159 (5th Cir. 1986).

This court holds that initiating the declaratory judgment proceeding in New York was insufficient to constitute a waiver of arbitration. Waiver of arbitration will be found when the party seeking arbitration substantially invokes the judicial process to the detriment of the other party. See Miller Brewing Co. v. Fort Worth Distrib. Co., Inc., 781 F.2d 494, 497 (5th Cir. 1986). Seeking to determine the parties to an arbitration is not "substantially invoking the judicial process" because the declaratory judgment action was not commenced to resolve a specific claim that would otherwise be arbitrated. See Subway Equip. Leasing Corp. v. Forte, 169 F.3d 324, 328 (5th Cir. 1999).

In addition, ARI, Erly, and CU have not shown prejudice resulting from the declaratory judgment proceeding. See Valero Ref., Inc. v. M/T Lauberhorn, 813 F.2d 60, 66 (5th Cir. 1987) ("[W]aiver of an arbitration right will not be lightly inferred without some showing of prejudice."). The declaratory judgment action never proceeded to discovery, much less produced a decision that could have prejudiced ARI, Erly or CU. Clearly, ARI, Erly and CU incurred additional expense and a delay in litigation, however, under these circumstances, such claims are inadequate to establish prejudice. See Tenneco Resins, Inc. v. Davy, Int'l, AG, 770 F.2d 416 (5th Cir. 1985) (eight month delay before the invocation of the arbitration clause and participation in discovery did not result in a waiver of arbitration).

The second stay issued by the Texas district court is unenforceable. A district court is divested of jurisdiction upon the filing of notice of appeal with respect to any matters involved in

the appeal. See Taylor v. Sterrett, 640 F.2d 663, 667 (5th Cir. 1981). The instant appeal was filed July 16, 1999, and the Texas district court entered the second stay on July 23, 1999, after jurisdiction transferred to this court.

Mauritius and Garnets urge this court to return the declaratory judgment action to the New York district court. We decline to do so. This Court typically does not have jurisdiction over transfer orders as they are interlocutory in nature. See Persyn v. United States, 935 F.2d 69, 72 (5th Cir. 1991). Although 28 U.S.C. §1292(b) does permit review of a transfer order that a district court certifies for appeal, no such certification exists here. In addition, the Fifth Circuit has traditionally held that it lacks appellate jurisdiction to review decisions of district courts in other circuits. See Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc., 689 F.2d 982, 986 (5th Cir. 1982).

The lift of stay order entered by the Texas district court on March 31, 1999, is REVERSED. Further, the Texas district court's order reinstating the stay on July 23, 1999, is VACATED for lack of jurisdiction. The request that this court review the transfer order of the New York district court is DISMISSED. This matter is REMANDED to the district court with instructions to reinstate the stay pending arbitration and to determine the proper parties to the arbitration.