**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 00-10796

(Summary Calendar)
_____

OMOTAYO TONY FABULUJE,

Petitioner - Appellant,

versus

IMMIGRATION AND NATURALIZATION AGENCY;
JANET RENO, Attorney General; DORIS MEISSNER,
Commissioner, Immigration and Naturalization Service; WILLIAM
HARRINGTON, Dallas District Director, Immigration and
Naturalization Service; CLAYTON BOOTH, Immigration and
Naturalization Service, Dallas,

Respondents - Appellees.

Appeal from the United States District Court
For the Northern District of Texas
Dist. Ct. No. 3:00-CV-1347-H

December 5, 2000

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Omotayo Tony Fabuluje appeals the district court's denial of his Emergency Injunction and Stay of Removal Proceedings motion. We now dismiss his appeal for lack of jurisdiction with regard to transfer of the habeas corpus petition and the denial of the temporary restraining order and affirm the district court's denial of the injunction.

Fabuluje, a Nigerian native, immigrated to the United States in 1982. He obtained his citizenship in 1996. Just over a year later, however, Fabuluje was indicted and convicted of (1) conspiracy to commit interstate theft, in violation of 18 U.S.C. §§ 371 and 659; and (2) obtaining naturalization by fraud, in violation of 18 U.S.C. § 1424(a). He was sentenced to 24 months imprisonment for each count. He was stripped of his citizenship one month after receiving his sentence. We affirmed his conviction on January 27, 2000.

After Fabuluje served his sentence, the Immigration and Naturalization Service (INS) instituted removal proceedings. Fabuluje challenged the commencement of these proceedings and his detention by the INS by filing for an injunction and stay of those proceedings. Interwoven in his motion was an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The district court treated Fabuluje's motion as a motion for a temporary restraining order ("TRO"). Fabuluje's TRO motion contained two parts: (1) request for a stay of deportation; and (2) Sixth Amendment challenge to Fabuluje's underlying convictions. As to the first part, the district court found that removal proceedings had not yet been initiated and as such Fabuluje had not exhausted his administrative remedies. The court further found that it could not hear his petition because 8 U.S.C. § 1252(g) deprived the court of jurisdiction to intervene in the Attorney General's decision to commence proceedings.

With regard to the second issue, the court construed Fabuluje's Sixth Amendment claims as

a petition for writ of habeas corpus. Therefore, the district court transferred that portion of the petition to Judge Barefoot Sanders, the district court judge who presided over Fabuluje's trial.

Fabuluje appeals the transfer of his habeas claim to Judge Sanders. The transfer order, however, is not appealable because it is not a final order. *See Persyn v. United States*, 935 F.2d 69, 72-73 (5th Cir. 1991) (holding that a transfer order is an interlocutory order and, thus, is generally unappealable); *see also Dillon v. State of Miss. Mil. Dept.*, 23 F.3d 915, 917 (5th Cir. 1994) ("a judgment is not final for purposes of appeal unless it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment").

Fabuluje appeals the denial of his TRO.[1] We have no jurisdiction over the denial of an application for a TRO because it does not qualify as an injunction under 28 U.S.C. § 1292(a)(1). *See In re Lieb*, 915 F.2d 180, 183 (5th Cir. 1990) (holding that a temporary restraining order does not qualify as an injunction for the purposes of 28 U.S.C. 1292(a)(1)); *see also Faulder v. Johnson*, 178 F.3d 741, 742 (5th Cir. 1999) ("it is well settled that this court has no appellate jurisdiction over the denial of a temporary restraining order").

To the extent Fabuluje sought an injunction, we review the district court's dismissal of his claim for lack of jurisdiction de novo. *See Cardoso v. Reno*, 216 F.3d 512, 514 (5th Cir. 2000) (applying de novo review to the district court's dismissal of a complaint by an alien seeking an injunction against the Attorney General for lack of jurisdiction). The district determined that § 1252(g) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 deprived it of jurisdiction over Fabuluje's claim for injunctive relief to stay the removal proceedings. This section

---

[1]We note that in his appeal Fabuluje does not object to the district court's characterization of his petition as a petition for a TRO.

provides that "no court shall have jurisdiction to hear any cause or claim by ... any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal order against any alien." 8 U.S.C. § 1252(g); *see Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (holding that Section 1252(g) applies "only to three discrete actions" described in that section, rather than encompassing every decision that might be part of the deportation process, *e.g.*, decisions to open an investigation). The relief Fabuluje sought in the district court is connected "directly and immediately" with the Attorney General's decision to commence removal proceedings against him. *See Humphries v. Various Fed. USINS Employees*, 164 F.3d 936, 943 (5th Cir. 1999) (finding that "those claims connected directly and immediately with a 'decision or action by the Attorney General to commence proceedings" are claims that are "clearly [] included within the definition of 'arising from'"). Thus, the district court correctly determined that it was without jurisdiction to consider Fabuluje's request for a stay of the removal proceedings.

Accordingly, we DISMISS Fabuluje's appeal of the transfer of his habeas claim and the denial of the TRO for lack of jurisdiction and AFFIRM the district court's denial of Fabuluje's request for an injunction.