**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-50428

JOHN LOUIS BRINAR,

Petitioner-Appellant,

versus

TROY WILLIAMSON, Warden-Federal
Correctional Institute La Tuna,

Respondent-Appellee.

Appeal from the United States District Court
for the Western District of Texas

April 4, 2001

Before POLITZ, DeMOSS, and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:

Petitioner John Luis Brinar ("Brinar") contends that the district court erred by construing his federal habeas petition, filed pursuant to 28 U.S.C. § 2241, as a motion to vacate, set aside, or correct judgment under § 2255 and by transferring the case to the Ninth Circuit Court of Appeals. For the reasons assigned below, we hold that this court lacks jurisdiction to hear Brinar's claims and therefore dismiss his appeal.

FACTUAL AND PROCEDURAL BACKGROUND

In 1997, Brinar was convicted in the United States District Court for the District of Nevada after pleading guilty to possession of a machine gun in violation of 18 U.S.C. § 922 (o) and to unlawful transfer of a firearm in violation of 26 U.S.C. § 5861(e). He received two concurrent sentences of 41 months' imprisonment. Brinar did not directly appeal his convictions and sentences but filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, which the District of Nevada denied.

Upon transfer to a federal correctional center in Texas, Brinar filed a motion in the Western District of Texas, El Paso Division, for federal writ of habeas corpus pursuant to § 2241. The district court granted summary judgment in favor of the respondent. Nevertheless, Brinar filed another application for a federal writ of habeas corpus under § 2241, which the district court construed as a second motion to vacate, set aside, or correct sentence pursuant to § 2255. See Tolliver v. Dobre, 211 F.3d 876, 877-78 (5th Cir. 2000) (stating that the district court should construe a petition filed under § 2241 that challenges trial or sentencing errors as a motion arising under § 2255). Recognizing that the only court with jurisdiction to hear Brinar's claim was the court in which he was sentenced, see Ojo v. INS, 106 F.3d 680, 683 (5th Cir. 1997), the district court transferred his case to the Ninth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 to determine whether Brinar was entitled to file a second § 2255 motion in the District of Nevada. Brinar now appeals.

The instant § 1631 transfer order is interlocutory. Thus, for this court to have jurisdiction over Brinar's appeal, the district court's transfer order must fall within the collateral order doctrine. See Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69 S. Ct. 1221, 1225, 93 L. Ed 1528 (1949). "The collateral order doctrine establishes that certain decisions of the district court are final in effect although they do not dispose of the litigation." Davis v. East Baton Rouge Parish Sch. Bd.,

78 F.3d 920, 925 (5th Cir. 1996). Under the doctrine, an order is appealable, notwithstanding the absence of a final judgment, if it is conclusive, resolves important questions that are separate from the merits, and is effectively unreviewable on appeal from final judgment. EEOC v. Exon Corp., 202 F.3d 755, 757 (5th Cir. 2000).

No Fifth Circuit authority squarely addresses the issue of whether the district court's § 1631 transfer order is appealable in this court under the collateral order doctrine, but Persyn v. United States, 935 F.2d 69 (5th Cir. 1991), provides preliminary guidance. In Persyn, a district court concluded that it lacked subject matter jurisdiction over the action and transferred the case to the United States Claims Court ("Claims Court"). Id. at 72. The appellants sought review of the transfer order. Id. Reasoning that the Claims Court would either dismiss the case or dispose of it on the merits, after considering the jurisdictional issue, and that the ensuing final decision would be reviewable by the Federal Circuit, this court concluded that the transfer order at issue in Persyn was "not effectively unreviewable." Id. at 73. Accordingly, this court held that the case did not fall within the narrow class of cases reviewable under the collateral doctrine order. Id.[1]

Middlebrooks v. Smith, 735 F.2d 431 (11th Cir. 1984), applied the familiar intellection of Persyn and other relevant cases in the context of a habeas corpus petition. Kimbrough Middlebrooks ("Middlebrooks") filed a habeas corpus petition pursuant to 28 U.S.C.§§ 2241 and 2243 in the United

---

[1] This holding conforms with several of our sister circuits. See, e.g., FDIC v. McGlamery, 74 F.3d 218, 221(10th Cir. 1996) (finding that "courts have almost universally agreed that transfer orders fall outside the scope of the collateral order exception"); Alimenta, Inc. v. Lyng, 872 F.2d 382, 384-85 (11th Cir. 1989) (reasoning that because "[t]he correctness of the transfer would be reviewable upon a judgment from the Claims Court" and that "the petitioner would not be denied a day in court," the transfer order was not a final order over which the Eleventh Circuit had jurisdiction); Ukiah Adventist Hosp. v. FTC, 981 F.2d 543, 546 (D.C. Cir. 1992) ("As a general principle, it is well settled that transfer orders are not appealable final orders.").

States District Court for the Middle District of Alabama. Id. at 432. The district court found that the petition was more properly characterized as a petition to vacate a sentence under § 2255. Id. Moreover it found that, because Middlebrooks had failed to bring the action in the court that sentenced him, as required by § 2255, the action should be transferred under § 1631 to the Southern District of Mississippi, the sentencing court. Id. Middlebrooks appealed to the Eleventh Circuit Court of Appeals. Id.

Extending the reasoning of the former Fifth Circuit regarding transfers under §§ 1404(a) and 1406(a), the court stated that "[t]he effect of the transfer order . . . was not a final adjudication, because the plaintiff was 'still in the federal court although in a different room.'" Id. (quoting Stelly v. Employers Nat'l Ins. Co., 431 F.2d 1251, 1254 (5th Cir. 1970)). The court reasoned that if Middlebrooks's complaint was that the district court "improperly characterized his claim as falling under § 2255 rather than §§ 2241 and 2243 as he alleged, he [would] be free to raise that point in the transferee court . . . ." Id. at 432-33. Consequently, the court concluded that the § 1631 transfer order did not fall within the collateral order doctrine. Id. at 433.

Although the Western District transferred Brinar's case to an appellate court rather than to another district court because it determined that Brinar filed a successive petition, the ultimate issue presented by the case at bar parallels that of Middlebrooks. As such, Middlebrooks articulates a principled and persuasive approach to the inquiry of whether the Western District's transfer of Brinar's habeas petition to the Ninth Circuit is an appealable interlocutory order over which this court may properly exercise jurisdiction under the collateral order doctrine. As did the Middlebrooks court, we hold that a transfer order under § 1631 is not such an appealable interlocutory order.

CONCLUSION

4

Accordingly, we dismiss Brinar's appeal for lack of jurisdiction.

DISMISSED.