**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 9, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10930

_____


UNITED STATES OF AMERICA, ET AL.,

Plaintiffs,

MARK E. HAMES, JILL M. HAMES,

Movants - Appellees,

v.

ROBBIE LESA HAMES, CHARLES WILLIAM HAMES,

Defendants - Appellants.

_____

Appeal from the United States District Court
for the Northern District of Texas
No. 3:01-CR-323-1-R
No. 3:01-CR-323-P

_____

Before GARWOOD, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

In 2001, the appellants, then Texas domiciliaries, were federally indicted under 18 U.S.C. § 3239 on multiple counts of medicare fraud, mail fraud, and money laundering. Soon thereafter, they fled the United States with their three minor children. In 2003, the appellants were apprehended in Spain and extradited to the United States to stand trial in the Northern District of Texas.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Pursuant to an arrangement made in Kansas, the appellants relinquished physical custody of their children to the appellees, in-laws of the appellants and Kansas domiciliaries.

On August 4, 2003, the appellees filed an "Application to Show Cause and Turn Over Order" in the appellants' federal criminal action, requesting reimbursement of $44,365 in child care expenses and $5,000 in attorneys' fees from an irrevocable Asian Trust ("Trust") previously established (in the Cook Islands) by the appellants for the care of their children. On August 20, 2003, the district court granted relief to the appellees in the amount of $49,365. The appellants filed a motion for reconsideration, contending that the district court lacked jurisdiction over the appellees' application. The appellees opposed the motion, asserting diversity and federal question jurisdiction. The district court denied the appellants' motion, and they appealed.

We have jurisdiction over the instant interlocutory appeal pursuant to the collateral order doctrine. Brinar v. Williamson, 245 F.3d 515, 516-17 (5th Cir. 2001). Reviewing de novo the district court's determination of its own subject matter jurisdiction, see Hussain v. Boston Old Colony Ins., 311 F.3d 623, 628 (5th Cir. 2002), we find no basis for federal jurisdiction in the instant case.

First, the appellees did not properly commence a civil action in the district court. Although the appellees characterize their application as civil, they failed to file a complaint with

2

the district court as required by FED. R. CIV. P. 3 or to serve process pursuant to RULE 4. The proceeding otherwise paid no attention to the FEDERAL RULES OF CIVIL PROCEDURE. There is no procedural device whereby a civil child support enforcement action may be tacked onto a federal criminal prosecution.

Second, even assuming proper commencement or some kind of litigation by consent, the appellees' application is still subject to dismissal for want of subject matter jurisdiction. Diversity jurisdiction does not exist in this matter because the amount in controversy never exceeded the statutory threshold. See 28 U.S.C. § 1332(a)(1). Although the appellees asserted a jurisdictional amount of $75,000, they only prayed for $49,365 in relief. The disparity between the asserted jurisdictional amount and the amount of relief requested evinces a lack of good faith, and the appellees' speculative assertion of future child support reimbursement amounts in excess of the statutory requirement does not cure this defect. Because it "appear[s] to a legal certainty that the [instant] claim is really for less than the jurisdictional amount," dismissal for lack of diversity is justified. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S. Ct. 586, 590 (1938).

Third, there is no federal question jurisdiction here: the substantive basis of the appellees' application is § 151.001(c) of the Texas Family Code. Federal courts are statutorily vested with jurisdiction over actions arising under and

3

based upon the Constitution or laws of the United States, not the Texas Family Code. 28 U.S.C. § 1331. That appellees may have desired a federal court order in an effort to pry money from the foreign Trust neither converts their application into one arising under federal law nor renders the United States a necessary party to the proceedings. The appellees' assertion of 28 U.S.C. § 1355(a) is fundamentally misplaced because this is a domestic relations action for child support, not a recovery or enforcement action for fine, penalty, or forfeiture authorized by § 1355(a).

Having found no basis for federal jurisdiction, and appellees' arguments bordering on frivolous, we reverse the district court's order and remand with instructions to dismiss the appellees' application.

**REVERSED AND REMANDED WITH INSTRUCTIONS TO DISMISS**.