United States Court of Appeals
Fifth Circuit

**F I L E D**

April 17, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-30871
Conference Calendar

SHEDDRICK A. HARRIS,

Petitioner-Appellant,

versus

ROBERT TAPIA,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:05-CV-267
--------------------

Before HIGGINBOTHAM, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Sheddrick A. Harris, federal prisoner # 12207-076, is serving a 240-month sentence following a jury conviction for conspiring to commit murder in retaliation against a federal informant, threatening to cause and causing bodily injury to a federal informant with the intent to retaliate, and causing bodily injury to the wife of a federal informant with the intent to retaliate. He filed a habeas petition under 28 U.S.C. § 2241 asserting that the district court had wrongly calculated his base offense level and had used the wrong version of the Sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guidelines.  The district court construed the action as a successive 28 U.S.C. § 2255 motion and transferred it to the Sixth Circuit Court of Appeals.  Harris seeks to appeal the transfer order.

This court must examine the basis of its jurisdiction on its own motion if necessary.  Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987).  We lack jurisdiction over the district court's interlocutory transfer order.  See Brinar v. Williamson, 245 F.3d 515, 517-18 (5th Cir. 2001).  Therefore, the appeal is DISMISSED.