IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 15, 2008

Charles R. Fulbruge III
Clerk

No. 08-30190
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

TERRANCE BENJAMIN, also known as T-Man

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CR-274-3

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Terrance Benjamin and others were named in a 22-count superseding indictment. Count one alleged that Benjamin and others were involved in a conspiracy to distribute and to possess with the intent to distribute cocaine base, cocaine hydrochloride, heroin, and marijuana. Count four charged Benjamin with possessing and using firearms in relation to the conspiracy to possess with intent to distribute heroin on April 27, 2000, in violation of 18 U.S.C. § 924(c)(1)(A). Count four also alleged that as part of the use of the firearms,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Benjamin murdered Charles Howard in violation of 18 U.S.C. § 924(j). Count 20 charged Benjamin with possessing and using firearms in relation to the conspiracy to distribute cocaine base on March 2, 2003, in violation of 18 U.S.C. § 924(c)(1)(A). Count 20 also alleged that as part of the use of the firearms, Benjamin murdered Ray Miner in violation of 18 U.S.C. § 924(j). Count 21 charged Benjamin with possessing and using firearms in relation to the conspiracy to distribute cocaine base on March 2, 2003, in violation of 18 U.S.C. § 924(c)(1)(A). Count 21 also alleged that as part of the use of the firearms, Benjamin attempted to murder Chester Smith.

Benjamin filed a motion to require the Government to elect only one of counts 4, 20, or 21 for trial or to sever the counts for a separate trial on each. Benjamin argued that multiple counts for use of a firearm in relation to a drug trafficking crime may not be based on a single conspiracy. Benjamin argued that a sentencing enhancement under § 924(j), as employed in counts 4 and 20, cannot by itself serve as the basis for a count of indictment. The district court denied the motion. The district court found that a single conspiracy could support multiple violations of § 924(c) if each violation was distinct. The district court also found that "it is not a violation of double jeopardy to charge the defendant with multiple violations of § 924(c) and (j) that involved different people, different weapons, and different days, but occurred during one drug conspiracy." Benjamin timely filed a notice of appeal from the denial of his motion to require election.

Benjamin argues that the denial of his motion is a final order under the collateral order doctrine because it was from a motion to dismiss based on the Double Jeopardy Cause. The Government argues that the denial of a motion to dismiss based on the Double Jeopardy Clause is a final order only if based on a claim that a defendant had been placed in jeopardy formerly and that conducting a second trial would cause an injury that would elude effective review.

Federal appellate courts have jurisdiction over appeals only from (1) final orders, pursuant to 28 U.S.C. § 1291; (2) orders that are deemed final due to a jurisprudential exception, such as the collateral order doctrine; (3) certain specific types of interlocutory appeals, such as those where injunctive relief is involved pursuant to 28 U.S.C. § 1292; and (4) interlocutory orders that are properly certified for appeal by the district court pursuant to FED. R. CIV. P. 54(b) or 28 U.S.C. § 1292(b). See Dardar v. Lafourche Realty Co., 849 F.2d 955, 957 (5th Cir. 1988). The collateral order doctrine establishes that certain nonfinal decisions of the district court are effectively final even if they do not dispose of the litigation. Brinar v. Williamson, 245 F.3d 515, 517 (5th Cir. 2001). The doctrine directs that "an order is appealable, notwithstanding the absence of a final judgment, if it is conclusive, resolves important questions that are separate from the merits, and is effectively unreviewable on appeal from final judgment." Id. To be "effectively unreviewable" on appeal, an issue must be "too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949).

The case law is clear and the parties agree that this court has jurisdiction over an interlocutory appeal from a refusal to dismiss an indictment on grounds of double jeopardy based on a former jeopardy. Abney v. United States, 431 U.S. 651, 662 (1977). In Abney, the Supreme Court reasoned that a motion for dismissal of an indictment based on a claim of former jeopardy satisfied the collateral order doctrine because it addressed an issue separate from the merits of the charges against the defendant and the question of whether the defendant could be constitutionally convicted of the charges against him. See id. at 659. The Supreme Court noted that the aspects of the Double Jeopardy Clause protecting a defendant from two convictions or two punishments for the same offense could be vindicated fully on direct appeal following final judgment. Id. at 660. It was the aspect of the Double Jeopardy Clause that protects a

defendant from a second trial, even if acquitted, that placed the denial of a motion to dismiss based on a former jeopardy squarely under the collateral order doctrine. Id. at 661-62.

Benjamin does not assert that he has been placed in jeopardy formerly for the offenses listed in Counts 4, 20, and 21. Although Benjamin states that the double jeopardy issues raised go to whether he can be tried on the issues at all, he asks, alternatively, to be tried separately on the three counts. Benjamin also notes that if a single conspiracy can support multiple § 924(c) counts, the facts of counts 20 and 21, arising on the same day and using the same weapon, establish only a single incident related to the conspiracy. The thrust of Benjamin's argument is that the Government has three potential opportunities at trial to prove that he used a firearm in relation to a drug trafficking offense. Benjamin asserts that "the question [is] not one of whether [he] will suffer any particular punishment but whether the Government will be able to convict him of a substantive offense at all." Unlike the defendant in Abney, Benjamin is challenging the merits of the charges against him. Benjamin's issues are not separable from the issue of his guilt or "the evidence the Government plans to use in obtaining a conviction." See Abney, 431 U.S. at 659.

Benjamin has not demonstrated that the denial of his motion resolved an issue that was unrelated to the merits of the charges against him or involved a right that would be lost irreparably if left to final judgment. We decline to review Benjamin's interlocutory appeal from the denial of his motion "to require election or, alternatively, to sever" under the collateral order doctrine. The appeal is DISMISSED for lack of jurisdiction.