IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2008

Charles R. Fulbruge III
Clerk

No. 08-30098
Summary Calendar

LEONARD CARTER

Plaintiff-Appellee

v.

SHIRLEY COODY, Assistant Warden LSP; Jimmy Smith, Major; BURL CAIN,
Warden

Defendants-Appellants

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:07-CV-444

Before JOLLY, BENAVIDES and HAYNES, Circuit Judges.

PER CURIAM:[*]

Leonard Carter, Louisiana prisoner # 133032, filed a civil rights action
under 42 U.S.C. § 1983 against the defendants asserting that he was subjected
to cruel and unusual punishment while being restrained and that the prison
regulation authorizing the methods of restraint is unconstitutional. The
defendants moved for summary judgment based on Carter's failure to exhaust
his administrative remedies. The defendants asserted that Carter had not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

proceeded to the second step of the prison administrative remedy proceedings. The district court denied summary judgment because there was a genuine issue of material fact whether Carter had proceeded to the second step of the prison administrative remedy proceedings based on the information contained in Carter's verified complaint. The defendants appeal the denial of the motion for summary judgment.

Federal appellate courts have jurisdiction over appeals only from (1) final orders, pursuant to 28 U.S.C. § 1291; (2) orders that are deemed final due to a jurisprudential exception, such as the collateral order doctrine; (3) certain specific types of interlocutory appeals, such as those where injunctive relief is involved pursuant to 28 U.S.C. § 1292; and (4) interlocutory orders that are properly certified for appeal by the district court pursuant to FED. R. CIV. P. 54(b) or 28 U.S.C. § 1292(b). See Dardar v. Lafourche Realty Co., 849 F.2d 955, 957 (5th Cir. 1988). The collateral order doctrine establishes that certain nonfinal decisions of the district court are effectively final even if they do not dispose of the litigation. Brinar v. Williamson, 245 F.3d 515, 517 (5th Cir. 2001). The doctrine directs that "an order is appealable, notwithstanding the absence of a final judgment, if it is conclusive, resolves important questions that are separate from the merits, and is effectively unreviewable on appeal from final judgment." Id. Nothing in either side's brief suggests such a situation here.

In our court's February 6, 2008, briefing notice, the parties were specifically requested to address "whether the orders denying the motions to dismiss and for summary judgment . . . from which appeal is taken, is [sic] appealable at this stage of the litigation." In their brief to this court, the defendants cite only 28 U.S.C. §1291, dealing with final judgments, as the basis for jurisdiction. An order denying a motion to dismiss or for summary judgment is not a final order or judgment.

The defendants have not demonstrated grounds for jurisdiction in this court. The appeal is DISMISSED for lack of jurisdiction.