# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 4, 2013

No. 12-30903
Summary Calendar

Lyle W. Cayce
Clerk

RAYMOND FOBBS,

Plaintiff - Appellee

v.

DANIEL DAVIS, Major; JOHN SANDERS, Captain; UNKNOWN
MAYHALL, Sergeant; DR. MOMAH TOBE, M.D.,

Defendants - Appellants.

Appeal from the United States District Court
for the Middle District of Louisiana
U.S. Dist. Ct. No. 3:11-cv-00700

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendants Daniel Davis, John Sanders, Edward Mayhall, and Tobe
Momah[1] ("Defendants") appeal the district court's order denying summary
judgment on their defense of failure to exhaust administrative remedies. *See* 42

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

[1] Although this defendant was listed in the caption as "Dr. Momah Tobe," the notice
of appeal lists this defendant as "Tobe Momah."

No. 12-30903

U.S.C. § 1997e(a). We conclude that Defendants have failed to demonstrate appellate jurisdiction; we DISMISS.

At the relevant time, Raymond Fobbs ("Fobbs") was an inmate confined at the Louisiana State Penitentiary in Angola, Louisiana. He filed this lawsuit in federal district court under 42 U.S.C. § 1983 alleging that Defendants subjected him to excessive force, failed to insure his safety, and acted with deliberate indifference to his serious medical needs. Defendants filed three motions for summary judgment asserting the affirmative defense of failure to exhaust administrative remedies.[2]

The exhaustion requirement at issue is contained in 42 U.S.C. § 1997e(a) which states: "No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, . . . until such administrative remedies as are available are exhausted." We have routinely treated failure to exhaust administrative remedies in this context as an ordinary affirmative defense where the burden is on the prison officials to "establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

The magistrate judge issued two reports and recommendations. He determined that Fobbs did file an administrative grievance. In that grievance, Fobbs detailed the accusations that form the basis of his current complaint in the district court. In one paragraph, he requested that he "be cleared of any wrong doing [sic] and false allegation made by these officers to justify or cover up their actions, and that my privileges be immediately restored . . . so that I can go to another institution." Based upon this paragraph, his grievance was denied as an improper grievance of "disciplinary matters."

---

[2] Defendants have since filed a motion for summary judgment asserting qualified immunity. That motion is pending in the district court.

No. 12-30903

The magistrate judge concluded that this reading of Fobbs's grievance was "hyper-technical" and constituted a failure "to address the plaintiff's actual complaints, thereby rendering administrative remedies unavailable to the plaintiff." He recommended denial of the motions for summary judgment. In the last report and recommendation, the magistrate judge further "recommended that the defendants be prohibited from raising the issue of failure to exhaust administrative remedies in another dispositive motion." The district judge adopted the reports and recommendations and barred Defendants from filing another dispositive motion regarding the alleged failure to exhaust administrative remedies.

Defendants did not seek certification for an interlocutory appeal; instead, they simply filed a notice of appeal to this court from the above orders. In so doing, Defendants argue that we have jurisdiction over this appeal because of the collateral order doctrine.

Under the collateral order doctrine, an appellate court may hear an appeal of an order that is not otherwise final if the order: "[1] conclusively determine[s] the disputed question, [2] resolve[s] an important issue completely separate from the merits of the action, and [3] [would] be effectively unreviewable on appeal from a final judgment." *Will v. Hallock*, 546 U.S. 345, 349 (2006) (internal citations and quotation marks omitted). The Supreme Court has cautioned that these "conditions are stringent" and the scope of this doctrine is "modest." *Id.* at 349-50 (internal quotation marks omitted); *see also Martin v. Halliburton*, 618 F.3d 476, 482 (5th Cir. 2010) ("The Supreme Court . . . has emphasized the doctrine's limited application [such that] . . . [t]he universe of orders from which collateral order review may be taken is relatively limited.") It has explained that allowing immediate appeals of the denial of motions which, if they should have been granted, would obviate a trial, would allow the exception to swallow the rule, thereby rendering nearly every motion denial "unreviewable." *Will*, 546

3

U.S. at 350-52. Thus, the "mere avoidance of a trial" is not enough to satisfy the "unreviewable" test; it must be "avoidance of a trial that would imperil a substantial public interest." *Id.* at 353. In *Will*, the Court disagreed with the court of appeals that an order denying a judgment bar supporting governmental immunity was appealable under the collateral order rule. *Id.* at 355. "[I]f simply abbreviating litigation troublesome to Government employees were important enough [to allow immediate appeal], collateral order appeal would be a matter of right whenever the Government lost a motion to dismiss under the Tort Claims Act . . . .  In effect, 28 U.S.C. §1291 would fade out whenever the Government or an official lost an early round that could have stopped the fight." *Id.* at 353-54. Subsequently, the Court again addressed the narrowness of the collateral order doctrine stating: "[t]his admonition has acquired special force in recent years with the enactment of legislation designating rulemaking, 'not expansion by court decision,' as the preferred means for determining whether and when prejudgment orders should be immediately appealable." *Mohawk Indus., Inc. v. Carpenter*, 130 S. Ct. 599, 609 (2009) (citation omitted) (concluding that orders overruling claim of attorney-client privilege are not reviewable on interlocutory appeal as collateral orders).

Turning to the case at bar, we will assume, without deciding, that the district court's order "conclusively determines" the question of exhaustion and that such an issue is "completely separate from the merits." *See Will*, 546 U.S. at 349. As to the third prong, Defendants have failed to show that this order is "effectively unreviewable on appeal from [the] final judgment." *See id.* Instead, they make only the meritless argument that "[s]ince the Defendants cannot raise the affirmative defense of failure to exhaust in another dispositive motion, the District Court's ruling cannot be reviewed on appeal from a final judgment." They cite no case to support this argument. *Cf. Edwards v. Cass Cnty, Tex.*, 919 F.2d 273, 275-76 (5th Cir. 1990) (docket control orders that prevent the filing of

substantive motions are not generally appealable under the collateral order doctrine).

Defendants have failed to adequately brief their argument that we have jurisdiction. *See Kmart Corp. v. Aronds*, 123 F.3d 297, 299 n.4 (5th Cir. 1997) (declining to address collateral order doctrine due to party's failure to brief it); *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) (inadequate brief waives a claim); *see also Carter v. Coody*, 297 F. App'x 317 (5th Cir. 2008) (unpublished)[3] (dismissing appeal where parties failed to brief adequately the question of jurisdiction over an interlocutory appeal of the district court's denial of defendants' summary judgment motion on failure to exhaust administrative remedies). Defendants have, therefore, failed to demonstrate our jurisdiction over this interlocutory appeal, so we must DISMISS it. *Cf. Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004) (accepting jurisdiction over exhaustion issue because the district court certified the exhaustion issue for interlocutory review); *see generally Langford v. Norris*, 614 F.3d 445, 457 (8th Cir. 2010)(rejecting the argument that §1997e(a) was meant "to confer some form of immunity from the costs of litigation" and concluding it lacked jurisdiction over this issue on interlocutory appeal); *Davis v. Streekstra*, 227 F.3d 759, 762 (7th Cir. 2000) (rejecting the argument that "§1997e(a) [establishes] a right not simply to prevail but also to be free from litigation.")

APPEAL DISMISSED.

---

[3] Although this decision is unpublished and therefore not precedent, we cite it because of its procedural and factual similarity to this case.