# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 24, 2021

Lyle W. Cayce
Clerk

No. 20-10109
Summary Calendar

Priscilla A. Ellis,

*Petitioner—Appellant*,

*versus*

William Barr, *United States of America Attorney General*; M. Carr, *FMC Carswell Warden*; NFN Cohen, *FMC Carswell Associate Warden*; NFN Frontera, *Lt in Sis United States of America Government Employees Unknown*; Patrick Scruggs, *Middle District of Florida AUSA*,

*Respondents—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CV-1013

Before Jolly, Elrod, and Graves, *Circuit Judges*.

Per Curiam:*

Priscilla Ann Ellis appeals the district court's rulings (1) severing her civil rights actions challenging, respectively, her criminal convictions in the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10109

Middle District of Florida and the conditions of her confinement in the Northern District of Texas and (2) transferring her case to the Northern District of Texas's Forth Worth Division.  She also moves for the appointment of counsel to help her with potential appeals in Texas; for leave to file supplemental exhibits; and for an en banc hearing.

"This [c]ourt must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). We conclude that we lack jurisdiction over Ellis's appeal of the district court's transfer and severance orders, as those orders are neither final, appealable decisions nor qualifying interlocutory orders nor reviewable collateral orders.  *See* 28 U.S.C. §§ 1291, 1292(a); *Louisiana Real Estate Appraisers Bd. v. Fed. Trade Comm'n*, 917 F.3d 389, 392 (5th Cir. 2019); *In re Rolls Royce Corp.*, 775 F.3d 671, 676 (5th Cir. 2014); *Brinar v. Williamson*, 245 F.3d 515, 517 (5th Cir. 2001); *Matter of Lieb*, 915 F.2d 180, 184-85 (5th Cir. 1990).  In any event, Ellis has abandoned any argument that the district court's severance and transfer orders were erroneous by not briefing those issues.  *See Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 n.1 (5th Cir. 2004).

The appeal is DISMISSED.  Ellis's motions for appointment of counsel, leave to file supplemental exhibits, and an en banc hearing are DENIED AS MOOT.