# United States Court of Appeals for the Fifth Circuit

---

No. 25-11020
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
February 16, 2026

Lyle W. Cayce
Clerk

Ingrid Johnson,

*Plaintiff—Appellant*,

*versus*

King County Superior Court,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:25-CV-160

---

Before Smith, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Ingrid Johnson moves for leave to proceed in forma pauperis (IFP) in this appeal. By moving this court for leave to proceed IFP, Johnson is challenging the district court's determination that her appeal is not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-11020

Johnson's appeal arises out of a civil rights action that she filed in the Northern District of Texas. On July 18, 2025, the district court sua sponte entered an order transferring the case to the Western District of Washington upon a finding that a substantial part of the events giving rise to the claims asserted in Johnson's complaint occurred in that district. In her IFP brief, Johnson challenges the district court's August 1, 2025 order denying her motion to reconsider the district court's prior denial of her motion to vacate the transfer order. She also challenges the district court's August 29, 2025 order denying various of her motions on the ground that the case had been transferred and, as such, the district court lacked jurisdiction to consider them. Finally, Johnson appears to raise other challenges to the district court's alleged actions or omissions concerning an order entered by a state court in Washington, wherein the state court found that Johnson was a vexatious litigant.

"This court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Johnson's appeal of the August 1, 2025 order is a challenge to the transfer order itself, and, accordingly, we lack jurisdiction over her appeal of that order. *See Hinkle v. Phillips 66 Co.*, 35 F.4th 417, 421 (5th Cir. 2022); *In re Rolls Royce Corp.*, 775 F.3d 671, 676 (5th Cir. 2014); *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 318-19 (5th Cir. 2008) (en banc); *Brinar v. Williamson*, 245 F.3d 515, 517-18 (5th Cir. 2001). Furthermore, as to any challenge to the district court's August 29, 2025 order or any other order or allegedly erroneous actions or omissions by the district court, the transfer of the case to the Western District of Washington removed the case from this court's jurisdiction, and accordingly, we lack jurisdiction to entertain such a challenge. *See In re Red Barn Motors, Inc.*, 794 F.3d 481, 484 (5th Cir. 2015).

2

No. 25-11020

Accordingly, the appeal is DISMISSED for lack of jurisdiction. The IFP motion is DENIED as moot. Johnson's motions for judicial notice and motion for panel review are likewise DENIED.