## GARLINGTON et al. v. WASSON et al.
### No. 11936.

Circuit Court of Appeals, Fifth Circuit.
Nov. 14, 1947.
Rehearing Denied Jan. 5, 1948.

Elmer McClain, of Lima, Ohio, Henry D. Akin and O. M. Street, both of Dallas, Tex., and Wm. Lemke, of Washington, D. C., for appellants.

Clyde E. Thomas, of Big Spring, Tex., for appellees.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

The appeal is from a judgment which sustained the report of a special master and in accordance therewith denied motions to reopen and reinstate a case in bankruptcy known as No. 1864, brought on July 26, 1939, by J. S. Garlington and wife as farmer-debtors for relief under Section 75, 11 U.S.C.A. § 203; and also dismissed a later case filed by them under Section 75 on April 15, 1943, known as No. 1932.

Case No. 1864 proceeded before the Conciliator to the point that no plan for rehabilitation was agreed on between the farmer-debtors and their creditors, because of the disagreement of Wasson, a mortgagee of the farm who held the majority in amount of the debts. Amendment was made to proceed as bankrupts under Subsection s, but the case was not diligently prosecuted and the mortgagee got an order to permit him to foreclose in the State court, which he did; and afterwards in March, 1943, the district judge dismissed the bankruptcy proceeding. The Garlingtons brought the case by appeal to this court, where the judgment of dismissal was affirmed on Dec. 9, 1943. Garlington v. Wasson, 5 Cir., 139 F.2d 183. The opinion said that notwithstanding this dismissal a discharge from dischargeable debts could still be had by filing a new proceeding in bankruptcy. This language was interpreted by the Garlingtons as authorizing a new farmer-debtor petition under Section 75, and the special master reports that such a petition with schedules similar to those in No. 1864 was filed on April 15, 1943, being Case No. 1932. This petition was approved by the judge on April 26, 1943, and referred to the Conciliator, but no further action was taken by debtors or creditors until in January, 1946, when a motion was filed by the debtors to reopen Case No. 1864. Nothing has been done in Case No. 1932. The special master reported also that the Garlingtons were not farmers in 1943, or since, and had not been in possession of a farm for several years, and had scheduled no debts but the old ones, that the mortgagee Wasson, who had foreclosed in 1942, had no deficiency judgment, and the Garlingtons had a $10,000 U. S. war bond which with their cash and other liquid assets far exceeded all their debts. He reported also that this court had not meant that a new case under Section 75 could be substituted for the old one so as to carry it on, but only that an ordinary voluntary bankruptcy was open to the debtors to get a discharge from their dischargeable debts.

■■ 1. This is the plain meaning of our former opinion. The Case No. 1864 was dismissed for failure to prosecute it during more than the three years which Section 75, sub. s, allows for rehabilitation. We certainly did not mean that the time could be extended three more years by refiling the petition, but only that discharge from dischargeable debts could still be had by a new ordinary bankruptcy proceeding. In April, 1943, the Garlingtons were not farmers and could not apply for relief under Section 75. The revoking of the order allowing the filing and the dismissal of this new proceeding, which itself had not been prosecuted for another three years, was proper.

■ 2. The Garlingtons on Jan. 26, 1946, filed an elaborate motion to set aside the dismissal on March 2, 1943, of Case No. 1864, and to reopen and reinstate it and to set aside certain orders which were made in that case before its dismissal, and to order administration under Section 75, sub. s, to proceed; and also that the mortgage foreclosures in the State courts and the judgments on them be held void.

The judgment of dismissal of March 2, 1943, is the one affirmed by this court. Probably it could not be set aside by the district court without leave from this court. But if we had been asked to permit this, we should refuse because the motion is without merit. We have held the dismissal was justified because appellants had not prosecuted for three years the remedy offered them by Subsection s. They allowed nearly three more years to pass in similar inaction. If Subsection s could now be put to work, a third period of three years would be involved. It would be an abuse of this remedy to permit this. The lands have been sold under foreclosure in the State courts, and some of them at the instance of the Garlingtons through the bankruptcy court. They cannot well be recalled. Any supposed equitable right to do so is barred by laches, and there is no longer any right to proceed under Subsection s. Case No. 1864 may not be reinstated.

The motion made by certain creditors to the same effect as that of the Garlingtons needs no separate discussion.

■ 3. The mortgagee, Wasson, having litigated with the Garlingtons not only in bankruptcy, but also in the State courts, the latter litigation terminating in Garlington

v. Wasson, 317 U.S. 694, 63 S.Ct. 433, 87 L.Ed. 556, by a special petition to this court asks an injunction against any more suits in the State or federal courts about the land he has in his possession. This court has no original jurisdiction in such matters, and cannot grant such relief. The petition is dismissed.

The judgment of the district court is affirmed.