PER CURIAM:
 

 On November 26,1979, the debtor, Macon Uplands Venture noticed appeal from the November 20, 1979 order of the District Court for the Middle District of Georgia. That order held that the district court had jurisdiction, transferred to that court a voluntary petition action under Chapter 11 of the Bankruptcy Reform Act of 1978 from the United States Bankruptcy Court for the District of Maryland, consolidated that Chapter 11 action with the appeal of the dismissal of the Bankruptcy Act Chapter XII action, and enjoined the debtor from instituting any new bankruptcy proceeding in any court other than the bankruptcy court for the Middle District of Georgia during the pendency of the appeal. On January 22, 1980, The United States Bankruptcy Court for the District of Maryland also ordered the Chapter 11 proceeding transferred to the Bankruptcy Court in Georgia.
 
 In re Macon Uplands Venture,
 
 2 B.R. 444, 1 Collier Bankruptcy Cases 2d 385 (Bkrtcy.1980). Appellee-creditor, the Metropolitan Life Insurance Company, moves for dismissal of the appeal. Alternatively, appellee moves for review on the summary calendar. Appellee claims the issues on appeal are moot or do not concern final orders. The injunction entered against the debtor is affirmed; the other issues on appeal are dismissed.
 

 Orders of transfer and consolidation are interlocutory and are not appealable.
 
 [1]
 

 Garber v. Randell,
 
 477 F.2d 711, 714-15 (2d Cir. 1973);
 
 Stelly v. Employers Na
 
 
 *28
 

 tional Ins. Co.,
 
 431 F.2d 1251, 1253 (5th Cir. 1970),
 
 cert. denied,
 
 401 U.S. 908, 91 S.Ct. 866, 27 L.Ed.2d 806 (1971). Findings of subject matter jurisdiction likewise are interlocutory and not appealable before final judgment. The question whether a district court can properly take jurisdiction to transfer and consolidate cases on appeal without remand to the bankruptcy court is therefore not appealable at this time.
 

 The grant of an injunction, although interlocutory, is appealable under 28 U.S.C. § 1292(a)(1) (1976).
 
 See In re W. F. Hurley,
 
 553 F.2d 1096 (8th Cir. 1977). The debtor contests the grant of the injunction on several grounds, none of which dictate reversal. Although normally injunctions are “adversary proceedings,” Bankruptcy Rule 701, subject to the procedures in Part VII, the district court had power under the All Writs Act, 28 U.S.C. § 1651, to issue this injunction in aid of its jurisdiction. See
 
 also
 
 Bankruptcy Act § 2a(15); Bankruptcy R. 102, 762, 765, 805; Fed.R.Civ.P. 62(g), 65. The federal courts in Georgia first acquired the “exclusive jurisdiction of the debtor and his property, wherever located,” Bankruptcy Act § 411, and can act to protect that jurisdiction. The appellate jurisdiction of the district court is the same as that in the bankruptcy proceeding.
 
 Id.
 
 § 416. See
 
 also
 
 Bankruptcy R. 102(a)-(b). Furthermore, a request such as that made by appellee to enjoin a court is properly addressed to the district court. Bankruptcy Act § 2a(15). See Record at 158. The cases cited by appellant are inapposite; they involve petitions not in aid of jurisdiction addressed to circuit, not district, courts.
 
 In re Beecher,
 
 189 F.2d 604 (9th Cir. 1951);
 
 Garlington v.
 
 Wasson, 164 F.2d 243 (5th Cir. 1947), cert. denied, 334 U.S. 827, 68 S.Ct. 1337, 92 L.Ed. 1755; Beecher v.
 
 Federal Land Bank of Spokane,
 
 146 F.2d 934 (9th Cir. 1944);
 
 Amick v. Columbia Casualty Co.,
 
 101 F.2d 984 (8th Cir. 1939). See Bankruptcy Act § 24. The district court therefore had the power, in aid of its jurisdiction, to enjoin the debt- or from filing further actions that touched on the subject
 
 res
 
 during the pendency of the Chapter XII appeal. The grant of the injunction was not an abuse of the sound discretion of the district court. See
 
 United States v. Edwards,
 
 333 F.2d 575, 578-79 (5th Cir. 1964).
 

 The debtor also claims that the injunction should be reversed because of procedural irregularities. Appellant shows no prejudice from these claimed irregularities, however, and rejected the district court’s offer of additional time. Record, Vol. II, at 25. Even assuming that procedural errors exist, they are not cause for reversal if no prejudice occurred.
 
 In re W. F. Hurley, Inc.,
 
 553 F.2d 1096 (8th Cir. 1977);
 
 In re Lustron Corp.,
 
 184 F.2d 789, 797 (7th Cir. 1950),
 
 cert. denied,
 
 340 U.S. 946, 71 S.Ct. 531, 95 L.Ed. 682 (1951).
 

 The other orders discussed by the debtor were not listed in the notice of appeal, and are not final judgments. We therefore express no opinion on those other issues passed on by the district court.
 

 This case raises interesting questions on the interplay between the Bankruptcy Act and the new Code, and between the power of courts struggling for jurisdiction over a single
 
 res.
 
 For this court to consider these questions, however, would require it to decide issues prematurely, before final judgment by the district court and the bankruptcy court.
 
 See Allen v. Mississippi Comm’n of Law Enforcement,
 
 424 F.2d 285, 290 (5th Cir. 1970). The sole question before us is whether the district court should have enjoined the debtor. Finding no error, we AFFIRM the injunction and DISMISS the remainder of the appeal.
 

 [1]
 

 . Appellee argued in its brief that transfer and consolidation of the Maryland action with the appeal in the Georgia district court was proper. We note, however, that the Maryland court, with appellee’s agreement, transferred the Chapter 11 proceeding to the United States Bankruptcy Court in Georgia, not to the district court.
 
 In re Macon Uplands Venture,
 
 2 B.R. 444, 1 Collier Bankruptcy Cases 2d 385, 396 (Bkrtcy.1980).