### In re M. IBRAHIM KHAN, P.S.C., M. Ibrahim Kahn, Debtors.

### Bankruptcy Nos. 48200462, 48200463.

United States Bankruptcy Court, W.D. Kentucky.

June 22, 1983.

Phillip G. Abshier, Owensboro, Ky., for debtors.

Michael A. Fiorella, Owensboro, Ky., Rudy C. Bryant, Henderson, Ky., for Dolly Yusufji.

### ORDER OVERRULING MOTION

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

Ibrahim Khan and Ibrahim Khan, P.S.C., an orthopedic surgeon and his corporate alter ego, both in Chapter 11, sought to have the two cases consolidated for substantive and administrative purposes. The motions were heard in the Owensboro Division and denied.

Khan and Khan, P.S.C., now move for the reduction of our earlier determination to written form, as Findings of Fact and Conclusions of Law, presumably for the purpose of appeal. The present motions also will be denied. We see no necessity for such an elaborate treatment of the ruling and will not enter detailed findings of fact except as summarily stated herein.

The basis of our order denying substantive consolidation was that the two entities have different creditors, and the priorities of payment in the two cases, in the event of a liquidation plan or a conversion to a Chapter 7 proceeding, would be different. Claims by one of the filing entities against the other, altogether appropriate in a non-bankruptcy context, might here be subject to equitable or statutory subordination for the benefit of other creditors, in order to maximize the net assets available either in liquidation or to fund a Chapter 11 plan. Tax liabilities, separately payable, are different one from the other.

The election to form and maintain a professional service corporation under Kentucky law were properly made by Dr. Khan; the conduct of his business through that entity is entitled to the fullest respect. Concomitantly, however, the maintenance of the separate entity also must be respected in bankruptcy law and for the orderly administration of these two proceedings, although one effect of the dual filing may be a duplication, to some degree, of administrative expenses. It was for the predomi-

nant purpose of orderly administration that we denied consolidation. There are other important considerations supporting our treatment of the question, not the least of which is the separate tax treatment presently extended to the related entities.

In summary, we embrace the view of the Second and Fifth Circuit Courts of Appeals that bankruptcy court orders of transfer and consolidation are interlocutory in nature and therefore not appealable. *Macon Uplands Venture v. Metropolitan Life Ins. Co.,* 624 F.2d 26 (5th Cir.1980); *Stelly v. Employers National Ins. Co.,* 431 F.2d 1251 (5th Cir.1970), *cert. denied* 401 U.S. 908, 91 S.Ct. 866, 27 L.Ed.2d 806 (1971); *Garber v. Randell,* 477 F.2d 711 (2d Cir.1973).

Whether the earlier motions were interposed primarily for the purpose of delay is a question we need not now consider, although the petitioners' response to an order we now expressly characterize as interlocutory and not dispositive of any substantive rights may cause the question to become a real one. That is to say, an appeal from this order might raise the point. This Court traditionally has vigorously supported and even encouraged litigants' exercise of the right to appeal, but never where it is exercised for insubstantial, capricious or dilatory reasons.

For the reasons stated, the motions to reduce the substance of our ruling denying consolidation to written findings of fact and conclusions of law are hereby OVERRULED.