PER CURIAM:
These two bankruptcy appeals involve Colony Square Company (Colony Square) as debtor and the Prudential Insurance Company of America (Prudential) as creditor. In re Colony Square Company, 779 F.2d 653 (11th Cir.1986) reports the essential facts.
In Colony Square, we held that the automatic stay provision of section 362 of the Bankruptcy Reform Act of 1978, codified at 11 U.S.C. § 101 et seq., did not prevent the Atlanta bankruptcy court from enforcing the terms of a Chapter XII bankruptcy case while a new case involving the same debtor, Colony Square, was pending in the Pittsburgh bankruptcy court. We based our holding on Central Trust Co. v. Official Creditors’ Committee, 454 U.S. 354, 102 S.Ct. 695, 70 L.Ed.2d 542 (1982), in which the Supreme Court held that Title 11 U.S.C. § 403 precludes application of the Reform Act to cases commenced under the former Bankruptcy Act of 1898. We also based our holding on the Atlanta bankruptcy court’s retention of exclusive jurisdiction over the Chapter XII plan, the property, and the parties. Colony Square, 779 F.2d at 655.
Colony Square now appeals two related matters in which the Atlanta bankruptcy court sought to protect its jurisdiction. The district court affirmed the bankruptcy court’s actions. We affirm.
I.
In 85-8569, the Atlanta bankruptcy court enjoined Colony Square, its partners, agents, attorneys, representatives, and creditors from commencing or continuing reorganization proceedings affecting the Colony Square property. The bankruptcy court also enjoined Colony Square from seeking to cite Prudential or its legal counsel for contempt, or otherwise taking any action against Prudential and its counsel for proceeding in the Atlanta bankruptcy court.
*741 The sole question before us in 85-8569 is whether the district court was correct in holding that the bankruptcy court did not abuse its discretion when it enjoined Colony Square. We hold that the district court did not err. The district court correctly concluded that the Atlanta bankruptcy court has the power, in aid of its jurisdiction, to enjoin Colony Square from filing actions that touch on the subject property during the pendency of the Chapter XII appeal. See In the Matter of Macon Uplands Venture v. Metropolitan Life Insurance Co., 624 F.2d 26 (5th Cir.1980).
Colony Square contends that, by enjoining creditors of Colony Square, the district court issued an overbroad order; because no creditor of Colony Square is challenging the order in this court, we do not consider this contention.
II.
In 85-8568, the Atlanta bankruptcy court dismissed Colony Square’s Chapter 11 case that the Pittsburgh district court transferred to the Atlanta bankruptcy court. This appeal is similar to Colony Square; in that appeal, Colony Square objected to the Atlanta bankruptcy court’s exercise of jurisdiction in the Chapter XII case because of the pendency of a petition converted by Colony Square from Chapter 7 to Chapter 11 in the Pittsburgh bankruptcy court.
The sole issue is whether the district court erred in affirming the Atlanta bankruptcy court’s dismissal of Colony Square’s voluntary Chapter 11 case. Our holding in Colony Square, 779 F.2d at 655, that, because the Atlanta bankruptcy court had exclusive jurisdiction, its power to act was not stayed by the pendency of the case in Pittsburgh compels our holding that the district court properly affirmed the dismissal of the Pittsburgh Chapter 11 case.
III.
These appeals restate the issues decided in Colony Square.
We hold that the district court properly enjoined Colony Square from commencing or continuing reorganization proceedings affecting the Colony Square property, from seeking to cite Prudential or its legal counsel for contempt, or from otherwise taking any action against Prudential and its counsel for proceeding in the Atlanta bankruptcy court. We also hold that the Atlanta bankruptcy court properly dismissed the Chapter 11 case transferred from the Pittsburgh district court.
We affirm the district court in both eases.
AFFIRMED.