**LOUISIANA ICE CREAM
DISTRIBUTORS, INC.,**
Plaintiff-Appellee,

v.

**CARVEL CORPORATION and
Franchise Stores Realty Corp.,**
Defendants-Appellants.

No. 86–3601.

United States Court of Appeals,
Fifth Circuit.

June 30, 1987.

S. Daniel Meeks, Monroe Garner, New Orleans, La., for defendants-appellants.

Richard K. Leefe, Emery N. Voorhies, New Orleans, La., for plaintiff-appellee.

Before POLITZ, JOLLY, and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

Carvel Corporation appeals the denial of a Fed.R.Civ.P. 12(b)(3) motion to dismiss for improper venue. Lacking jurisdiction, we dismiss the appeal.

Carvel Corporation is an ice cream company headquartered in New York, which licenses the operation of retail stores and authorizes individuals to sell its franchises in specified areas. Louisiana Ice Cream Distributors (LICD) is a Louisiana corporation organized to sell Carvel franchises in Louisiana. In early 1983 the two corporations entered into four separate contracts:

(1) a Carvel Area Distributorship Agreement; (2) a Carvel Retail Manufacturer's License Agreement; (3) a Thinny-Thin Sublicense; and (4) a Sales Contract and Rider.

The Distributorship Agreement obligated LICD to pay Carvel $400,000 and to warehouse Carvel products, operate a pilot store, and sell and service Carvel franchises in Louisiana. The License Agreement authorized the operation of a Carvel outlet, in this case the pilot store. The Sales Contract governed the sale of certain equipment and the Thinny-Thin agreement involved the sale of a particular brand of Carvel ice cream.

The Distributorship Agreement contained a clause stating that "New York shall be a forum where any cause of action arising under this Agreement may be instituted." The License Agreement provided that any action by the licensee must be brought in either state or federal court in New York.

LICD brought the instant suit against Carvel[1] in the Eastern District of Louisiana, seeking to recover sums paid Carvel under the Distributorship Agreement, as well as lost profits based on Carvel's alleged failure to do pre-entry advertising, obtain product approval, and approve store locations. Although one of the claims appears to be brought by LICD as licensee, the action was brought primarily under the Distributorship Agreement.

Carvel moved to dismiss for improper venue, Fed.R.Civ.P. 12(b)(3), maintaining that the License Agreement controls this action, and under that agreement this matter should be tried in New York. Meanwhile, Carvel has brought suit against LICD in New York state court, alleging breach of the License Agreement.

The district court summarily denied Carvel's motion, assigning no reasons. Carvel appeals.

*Analysis*

Contending that the four contracts should be taken as one composite, Carvel

---

**1.** LICD also sued Franchise Stores Realty Corporation, a related entity not important to this appeal.

asks us to hold that the exclusive forum selection clause in the License Agreement applies to suits involving the Distributorship Agreement. LICD, on the other hand, asserts that the four agreements are separate and discrete. We do not reach the merits of this appeal for we lack the jurisdiction to do so.

■ The denial of a motion to dismiss for improper venue is not a final order under 28 U.S.C. § 1291. Rather, it is an interlocutory order which is not subject to immediate appeal. *Catlin v. United States*, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945); *Partrederiet Treasure Saga v. Joy Manufacturing*, 804 F.2d 308 (5th Cir. 1986). Although this court has not specifically addressed the appealability of rulings on 12(b)(3) motions, we have disclaimed immediate appellate jurisdiction over the grant or denial of a motion to transfer under 28 U.S.C. § 1404(a), *Matter of Macon Uplands Venture*, 624 F.2d 26 (5th Cir.1980), and the denial of a motion to dismiss based on *forum non conveniens*, *Joy Manufacturing*. We perceive no principled way to distinguish a ruling on a motion to dismiss for improper venue under Rule 12(b)(3) from these other forum rulings.[2]

■ Absent an accepted certification under 28 U.S.C. § 1292(b), we have jurisdiction on appeal of an interlocutory order only if it falls within that narrow band of cases encompassed within the "collateral order" exception created by *Cohen v. Beneficial Industrial Loan Corporation*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed 1528 (1949); *see also Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed. 351 (1978). Carvel insists that the trial court's order falls within the ambit of the collateral order doctrine. We are not persuaded.

The *Cohen* exception applies only when the district court's interlocutory ruling conclusively determines the disputed question, resolves an important issue which is completely separate from the merits, and cannot effectively be reviewed on appeal from a final judgment. *Coopers & Lybrand.* To this is added the requirement that the order involve a "serious and unsettled question" of law. *Nixon v. Fitzgerald,* 457 U.S. 731, 742, 102 S.Ct. 2690, 2697, 73 L.Ed.2d 349 (1982);[3] *In re Corrugated Container Antitrust Litigation,* 611 F.2d 86 (5th Cir.1980); *Southern Methodist University Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F.2d 707 (5th Cir. 1979). Further, we have expressed the view that the "collateral order doctrine is 'extraordinarily limited' in its application." *Pan Eastern Exploration Co. v. Hufo Oils,* 798 F.2d 837, 839 (5th Cir.1986) (citation omitted).

As we perceive the matter presented, both factual and legal issues are involved. There is an obvious dispute over the parties' intent at the time they confected the four agreements. Intent is a question of fact. The parties advance opposing interpretations of apparently ambiguous forum selection clauses in the Distributorship and License agreements. Interpretation of those clauses involves a question of fact as well as law. *Paragon Resources, Inc. v. National Fuel Gas Distribution Corp.,* 695 F.2d 991 (5th Cir.1983). These issues are not separate from the merits; indeed they are intertwined inextricably with the merits of this litigation.

Concluding that the ruling on the 12(b)(3) motion involves neither an important issue separate from the merits nor a serious and unsettled question of law, we hold that we

---

2. *But see Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd.,* 709 F.2d 190 (3rd Cir.), *cert. denied,* 464 U.S. 938, 104 S.Ct. 349, 78 L.Ed.2d 315 (1983) (order denying motion to dismiss based on *forum non conveniens* and forum selection clause considered an appealable collateral order), *questioned in Nascone v. Spudnuts, Inc.,* 735 F.2d 763 (3rd Cir.1984) (order granting motion to transfer based on forum selection clause not an appealable collateral order).

3. In *Nixon v. Fitzgerald,* 457 U.S. at 742, 102 S.Ct. at 2697, 73 L.Ed.2d at 358–59, the Supreme Court held that:

As an additional requirement, Cohen established that a collateral appeal of an interlocutory order must "presen[t] a serious and unsettled question." 337 U.S. at 547, 93 L.Ed. 1528, 69 S.Ct. 1221 [at 1226].

lack jurisdiction over this interlocutory appeal.

 We also decline Carvel's invitation to alternatively consider its interlocutory appeal as an application for a writ of mandamus. The same considerations appertain; the decision on the 12(b)(3) motion is so entwined with the merits that a mandamus review of the order is inappropriate.

 We feel compelled to add that if we had jurisdiction, we would have had no alternative but to vacate the order and remand the case to the district court. On any subsequent appeal on this record, we would be compelled to do likewise. The district court assigned no reasons for its ruling; it made no factual finding or legal references. In that setting, it is not possible for us to perform the appellate function. As we commented in *Myers v. Gulf Oil Corp.*, 731 F.2d 281, 283–84 (5th Cir. 1984):

> When we have no notion of the basis for a district court's decision, because its reasoning is vague or was simply left unsaid, there is little opportunity for effective review. In such cases, we have not hesitated to remand the case for an illumination of the court's analysis through some formal or informal statement of reasons.

*See also Adjusters Replace-A-Car v. Agency Rent-A-Car, Inc.*, 735 F.2d 884, 888 n. 2 (5th Cir.1984), *cert. denied*, 469 U.S. 1160, 105 S.Ct. 910, 83 L.Ed.2d 924 (1985) ("we must see more evidence of [the trial court's] judgment than a boilerplate order if we in turn are to perform our function effectively").

We again emphasize the imperative that the district court assign reasons for any order one reasonably may expect to be appealed, in order that the appellate courts might acquit the assigned appellate responsibilities without having to exercise the unpleasant and judicially wasteful heavy hand of vacating and remanding.

APPEAL DISMISSED.