IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-60169
Summary Calendar
_____

FRANCIS J. SAVARIRAYAN, M.D.,

       Plaintiff - Counter-Defendant - Appellee,

                  versus

DAVID BRISOLARA, ETC.; ET AL.,

       Defendants,

DONNY W. GEE; DEBRA GEE,

       Defendants - Counter-Claimants - Appellants.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:01-CV-97-S-D
_____

July 19, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Counter-claimants Donny W. Gee and Debra Gee seek to appeal the district court's order transferring their counter-claim, the only claim remaining in the case, to the United States District Court of the District of North Dakota pursuant to 28 U.S.C. § 1404(a). The district court certified this order for appeal pursuant to 28 U.S.C. § 1292(b). Despite this certification,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

however, we lack jurisdiction over this interlocutory appeal of the district court's purely discretionary decision to transfer the case in the interests of justice and for the convenience of parties and witnesses.

It has long been the law of this circuit "that § 1292(b) review is inappropriate for challenges to a judge's discretion in granting or denying transfers under § 1404(a)."[1] We have "recognized the availability of mandamus as a limited means to test the district courts' discretion in issuing transfer orders."[2] The Gees, however, have filed only an interlocutory appeal of the district court's order—they have not filed a petition for writ of mandamus.

Moreover, their challenge goes only to the district court's exercise of its discretion. Their arguments focused on Dr. Francis J. Savarirayan's waiver of any objection to venue in the Northern District of Mississippi miss the point.[3] A section 1404(a)

---

[1] *Garner v. Wolfinbarger*, 433 F.2d 117, 120 (5th Cir. 1970).

[2] *Id.; see also La. Ice Cream Distributors, Inc. v. Carvel Corp.*, 821 F.2d 1031, 1033 (5th Cir. 1987) (noting that "we have disclaimed immediate appellate jurisdiction over the grant or denial of a motion to transfer under 28 U.S.C. § 1404(a)").

[3] *Cf.* 15 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice & Procedure* Jurisdiction § 3844 (2d ed. 1986) ("A party who has waived his objection to venue by failure to assert it at the proper time is not for that reason precluded from moving for a change of venue."); *cf. also Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960) ("But the power of a District Court under § 1404(a) to transfer an action to another district is made to depend not upon the wish or waiver of the defendant but, rather, upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff.").

transfer order assumes that venue will lie in either the transferor or transferee district, such that Dr. Savarirayan's decision to file suit against the Gees in Mississippi does not control whether the district court has the statutory power to exercise its discretion to transfer the Gees' counter-claim to North Dakota in the interests of justice and for the convenience of parties and witnesses.

Thus, the Gees do not present a proper challenge to the district court's power to transfer their counter-claim, over which we might properly exercise appellate jurisdiction pursuant to a section 1292(b) certification.[4] As such, we have no appellate jurisdiction over the Gees' challenge to the district court's purely interlocutory order.[5]

APPEAL DISMISSED FOR LACK OF JURISDICTION.

---

[4] *See* 15 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice & Procedure* Jurisdiction § 3855 (2d ed. 1986) ("If the action of the district judge on a § 1404(a) motion raises a legal question of whether he has acted within his power, an interlocutory appeal under § 1292(b) is proper."). *Accord Snyder Oil Corp. v. Samedan Oil Corp.*, 208 F.3d 521 (5th Cir. 2000) (deciding an appeal of the district court's choice of law determination pursuant to the Outer Continental Shelf Lands Act based on a 28 U.S.C. § 1292(b) certification of a 28 U.S.C. § 1404(a) transfer order).

[5] We likewise have no appellate jurisdiction, pursuant to 28 U.S.C. § 1292(b) or otherwise, over the Gees' challenge to the district court's denial of their request to supplement their complaint to include three state law malicious prosecution claims.

3