IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60878
Summary Calendar

_____

NAZARETH NMI GATES ETC.; ET AL.,

                                        Plaintiffs,

versus

THOMAS D. COOK ETC.; ET AL.,

                                        Defendants.

------------------------------

DERRICK SOLOMON PRUITT,

                                    Plaintiff-Appellant,

versus

RONNIE MUSGROVE, Governor; ROBERT L. JOHNSON,
COMMISSIONER, MISSISSIPPI DEPARTMENT OF
CORRECTIONS; EMMITT L. SPARKMAN, Superintendent
of Parchman; RONALD R. WELCH, Attorney at Law,
Class Counsel; KIRK FORDICE, Ex-Governor of the
State of Mississippi; JAMES V. ANDERSON,
Ex-Commissioner of the Mississippi Department of
Corrections; CHRISTOPHER EPPS, Deputy Commissioner
of the Mississippi Department of Corrections;
WALTER BOOKER, Ex-Superintendent of the Mississippi
Department of Corrections; DWIGHT PRESELY, Warden
Area II, Mississippi Department of Corrections;
LEONARD VINCENT, General Counsel, Staff Attorney,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:71-CV-6-JAD
USDC No. 4:01-CV-281-JAD
USDC No. 4:01-CV-299-JAD
--------------------
March 18, 2003

Before JOLLY, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

Derrick Solomon Pruitt, Mississippi prisoner # 46846, appeals the district court's resolution of his 42 U.S.C. § 1983 action against various Mississippi officials in which he challenged the conditions of confinement at the Mississippi State Penitentiary at Parchman. He asserts that the district court erred in concluding that his challenges to the prison conditions were without merit. The district court did not rule on the merits of Pruitt's condition claims; the case was consolidated with Gates v. Musgrove, No. 4:71CV6-JAD.

Pruitt contends that the district court abused its discretion in consolidating his case with the Gates action and in denying his request to consolidate his case with that of Jay Boler, Mississippi prisoner # 34750. Orders consolidating cases are interlocutory and are not immediately appealable. In re Macon Uplands Venture, 624 F.2d 26, 27 (5th Cir. 1980); see 28 U.S.C. § 1292(a).

Pruitt also challenges the district court's dismissal of his claims against various defendants in their official or supervisory capacities. As the merits of the case are ongoing, the dismissal of these defendants is not a final judgment. 28

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 1291; <u>Van Cauwenberghe v. Biard</u>, 486 U.S. 517, 521-22 (1988). As the district court did not make an "express determination that there is no just reason for delay," the decision of the court has not been certified pursuant to Fᴇᴅ. R. Cɪᴠ. P. 54(b). <u>See</u> <u>Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters.</u>, 170 F.3d 536, 538 (5th Cir. 1999).

Pruitt asserts that he was entitled to injunctive relief. He has not, however, challenged the basis for the district court's dismissal of his injunctive claims. Consequently, he has abandoned any argument on this issue. <u>See</u> <u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744, 748 (5th Cir. 1987).

Pruitt maintains that he should receive attorney fees as a "prevailing party" because his lawsuit was a "catalyst" for prison changes. A "prevailing party" does not include a plaintiff who achieves his desired result because he files a lawsuit that brings about a voluntary change in the defendant's conduct. <u>See</u> <u>Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Res.</u>, 532 U.S. 598, 600 (2001).

Pruitt has not briefed any claim that is properly appealable to this court at this time. Consequently, his APPEAL IS DISMISSED.