**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 18, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60879
Summary Calendar

_____

NAZARETH GATES ETC.; ET AL.,

Plaintiffs,

versus

THOMAS D. COOK ETC.; ET AL.,

Defendants.

------------------------------

JAY BOLER,

Plaintiff-Appellant,

versus

RONNIE MUSGROVE ETC.; ET AL.,

Defendants,

RONNIE MUSGROVE, Governor; ROBERT L. JOHNSON, COMMISSIONER,
MISSISSIPPI DEPARTMENT OF CORRECTIONS; RONALD R. WELCH, Attorney
at Law, Class Counsel; KIRK FORDICE, Ex-Governor of the
State of Mississippi; JAMES V. ANDERSON, Ex-Commissioner of
Mississippi Department of Corrections; CHRISTOPHER EPPS, Deputy
Commissioner of Mississippi Department of Corrections;
LEONARD VINCENT, General Counsel, Staff Attorney, Mississippi
Department of Corrections,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:71-CV-6-JAD
USDC No. 4:01-CV-281-JAD
USDC No. 4:01-CV-299-JAD
--------------------

Before DAVIS, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[1]

Jay Boler, Mississippi prisoner # 34750, appeals the district court's resolution of his 42 U.S.C. § 1983 action against various Mississippi officials in which he challenged the conditions of confinement at the Mississippi State Penitentiary at Parchman. He asserts that the district court erred in dismissing his challenges to the prison conditions. The district court did not rule on the merits of Boler's conditions claims; the case was consolidated with Gates v. Collier, No. 4:71CV6-JAD.

Boler contends that the district court abused its discretion in consolidating his case with the Gates action and in denying his request to consolidate his case with that of Derrick Solomon Pruitt, Mississippi prisoner # 46846. Orders consolidating cases are interlocutory and are not immediately appealable. In re Macon Uplands Venture, 624 F.2d 26, 27 (5th Cir. 1980); see 28 U.S.C. § 1292(a).

Boler also challenges the district court's dismissal of his claims against various defendants in their official or supervisory capacities. As the merits of the case are ongoing, the dismissal of these defendants is not a final judgment. 28 U.S.C. § 1291; Van Cauwenberghe v. Biard, 486 U.S. 517, 521-22 (1988). Further, because the district court did not make an "express determination

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that there is no just reason for delay," the decision of the court has not been certified pursuant to FED. R. CIV. P. 54(b).  See Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc., 170 F.3d 536, 538-39 (5th Cir. 1999).

Boler maintains that he should receive attorney fees as a "prevailing party" because his lawsuit was a "catalyst" for prison changes.  Boler did not move in the district court for attorney's fees, and his argument cannot be construed as a motion in this court for attorney's fees, as the applicable statutory authority, 42 U.S.C. § 1988(b), applies specifically to proceedings in the district court.  See § 1988(a).

Boler has not briefed any claim that is properly appealable to this court at this time.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  His appeal is frivolous and is therefore DISMISSED.