United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 9, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-20029
SUMMARY CALENDAR
_____

BLESSEY MARINE SERVICES INC

Plaintiff - Appellant

v.

HOUSTON MARINE SERVICES INC

Defendant - Appellee

_____

On Appeal from the United States District Court for the
Southern District of Texas, Houston Division
(H-02-CV-4494)

_____

Before REYNALDO G. GARZA, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[1]

Appellant, Blessey Marine Services, Inc. ("Blessey Marine"), seeks our review of an

interlocutory 28 U.S.C. § 1404(a) order transferring this case from the Eastern District of

Louisiana to the Southern District of Texas.

We open by noting that this Court has generally disclaimed immediate appellate

---

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

-1-

jurisdiction over the grant or denial of a motion to transfer under § 1404(a). *Louisiana Ice Cream Distributors v. Carvel Corp.*, 821 F.2d 1031, 1033 (5th Cir. 1987) (citing *Matter of Macon Uplands Venture*, 624 F.2d 26 (5th Cir. 1980)); s*ee also Garner v. Wolfinbarger*, 433 F.2d 117, 120 (5th Cir. 1970) (concluding that § 1292(b) review is inappropriate for challenges to a judge's discretion in granting or denying transfers under § 1404(a)).

Clearly the transfer order in the case at hand is not a final order appealable under 28 U.S.C. § 1291. *See Askanase v. Livingwell, Inc.*, 981 F.2d 807, 810 (5th Cir. 1993). Furthermore, the transfer order is not within the class of interlocutory orders in admiralty cases subject to appeal under 28 U.S.C. § 1292(a)(3). *See Francis ex rel. Francis v. Forest Oil Corp.*, 798 F.2d 147, 149-50 (5th Cir. 1986). In addition –and contrary to Blessey Marine's contention– the transfer order is not appealable pursuant to the collateral order doctrine. *See Brinar v. Williamson*, 245 F.3d 515, 517-18 (5th Cir. 2001); *Louisiana Ice Cream Distributors*, 821 F.2d at 1033.

This Circuit has, in some cases, recognized the availability of mandamus as a limited means to test the district court's discretion in issuing transfer orders. *See In re Horseshoe Entertainment*, 337 F.3d 429 (5th Cir. 2003); *Garner*, 433 F.2d at 120. However, Blessey Marine has not requested that we treat its notice of appeal as anything other than what it is. *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co., Inc.*, 761 F.2d 198, 203 (5th Cir. 1985). We reserve writs of mandamus only for the most egregious of discretionary abuses, and where other avenues of relief have been traversed without success. *Id.*

Other avenues of relief exist –including, significantly, the district court to which this case has been transferred– via which Blessey Marine can challenge the § 1404(a) transfer. Although

-2-

circumstances under which a petition for mandamus might properly be filed and considered may yet develop, we currently lack jurisdiction over this appeal and it is therefore dismissed.

APPEAL DISMISSED.