United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 30, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41426
Summary Calendar
_____

ANTHONY ALEGRIA,

Plaintiff-Appellant,

versus

DOCTOR CHARLES D. ADAMS; KATERINE PEARSON; DOCTOR BOBBY
VINCENT; PHYSICIAN ASSISTANT JOHN Q. WANG; DOCTOR
ABBAS KHOSHDEL; DOCTOR KENNETH LOVE; PHYSICIAN ASSISTANT
DAVID FORTNER; PHYSICIAN ASSISTANT MELANIE POTTOR;
DOCTOR EDGAR HULIPAS; DOCTOR LARRY LARGENT; DOCTOR
KOKILA NAIK; DOCTOR LANNETTE LINTHICUN; GUY SMITH; AHIA
SHABAZZ; ALLEN HIGHTOWER,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:05-CV-106
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Anthony Alegria, Texas prisoner # 932939, appeals the
dismissal as frivolous of his 42 U.S.C. § 1983 claims.  Alegria
argues that (1) the magistrate judge erred in determining that
his claims against Dr. Charles Adams were unexhausted; (2) the
magistrate judge abused her discretion in deeming frivolous his
claims against Dr. Kenneth Love and David Fortner; and (3) the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

magistrate judge erred in determining that venue was improper as to the remaining defendants.

We hold that the magistrate judge did not err in holding that Alegria failed to exhaust his claims against Dr. Adams. "No action shall be brought with respect to prison conditions under [§ 1983] . . . by a prisoner . . . until such administrative remedies as are available are exhausted." Booth v. Churner, 532 U.S. 731, 736 (2001) (internal quotation marks and citation omitted). The record reveals that administrative procedures existed for Alegria to vindicate his claims against Dr. Adams. And the record in front of the district court contained no grievances about the September 2003 claims against Dr. Adams; although Alegria claims on appeal he did file such a grievance, he cannot introduce new evidence on appeal. See Schwarz v. Folloder, 767 F.2d 125, 128 n.2 (5th Cir. 1985).

Prison officials violate the constitutional prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs. Wilson v. Seiter, 501 U.S. 294, 297 (1991). We further hold that the evidence supports the magistrate judge's finding that the adjustments made by Dr. Love and Fortner to Alegria's Darvocet dosage were medical judgments as opposed to deliberate indifference to his pain. Alegria's claims against Dr. Love and Fortner amounts to no more than disagreements over the type of care he received, which, under the facts of his case, is not

actionable under § 1983.  See Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995).

Finally, we lack jurisdiction to entertain an appeal of the magistrate judge's transfer order.  See Louisiana Ice Cream Distribs., Inc. v. Carvel Corp., 821 F.2d 1031, 1033-34 (5th Cir. 1987); see also Brinar v. Williamson, 245 F.3d 515, 516-18 (5th Cir. 2001).

Alegria's appeal lacks arguable merit and therefore is dismissed as frivolous.  See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  The district court's dismissal of the § 1983 claims and our dismissal of this appeal count as two strikes for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  Alegria is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.