United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 16, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-20347
Summary Calendar

ANTHONY ALEGRIA,

Plaintiff-Appellant,

versus

KATERINE PEARSON; BOBBY VINCENT, Dr.; JOHN Q. WANG, P.A.;
ABBAS KHOSHDEL, Dr.; MELANIE POTTER, P.A.; EDGAR HULIPAS, Dr.,
LARRY LARGENT, Dr.; KOKILA NAIK, Dr.; LANNETTE LINTHICUM, Dr.;
GUY SMITH, TDCJ Health Service; AHIA SHABAAZ, TDCJ Health
Service; ALLEN HIGHTOWER, Correctional Manager Health Care,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CV-2837
--------------------

Before REAVLEY, WIENER and DENNIS, Circuit Judges.

PER CURIAM:*

Anthony Alegria, Texas inmate # 932939, appeals from the
summary judgment dismissal of his 42 U.S.C. § 1983 complaint.
Alegria argues that the defendants acted with deliberate
indifference to his medical needs by disregarding the treatment
recommendations of pain specialists that he be prescribed
Darvocet on a long-term basis and that the district court lacked
jurisdiction to entertain his claims.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Prison officials violate the constitutional prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs. Wilson v. Seiter, 501 U.S. 294, 297 (1991). We reject Alegria's contention that the district court has insufficient medical documentation before it to render judgment, and we hold that the evidence supports a determination that the decision whether to administer Darvocet was a medical judgment as opposed to deliberate indifference to his pain. Alegria's claim is a disagreement over the type of care he received, which, under the facts of his case, is not actionable under § 1983. See Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995).

Alegria's jurisdictional argument fails because it is premised on his erroneous belief that the District Court for the Eastern District of Texas's order severing and transferring his claims against the instant defendants to the District Court for the Southern District of Texas was immediately appealable under the collateral order doctrine. As we previously held, such orders are not immediately appealable. Harvey Specialty & Supply Co. v. Anson Flowline Equip. Inc., 434 F.3d 320, 325 (5th Cir. 2005); see Alegria v. Adams, No. 05-41426 (5th Cir. Oct. 30, 2006) (unpublished). Alegria does not argue the merits of the issue whether the transfer was appropriate, and he has therefore waived its review. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

AFFIRMED.