# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-20780
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 3, 2017

Lyle W. Cayce
Clerk

SANDRA G. HALE,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA; METREX RESEARCH CORPORATION; DEPARTMENT OF VETERANS AFFAIRS; STEPHEN SEDER, Doctor; RAJANI POTU, Doctor; BAYLOR UNIVERSITY SYSTEM; THE UNIVERSITY OF TEXAS SYSTEM; UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT HOUSTON; MICHAEL DEBAKEY MEDICAL CENTER (VA HOSPITAL),

Defendants-Appellees

*******************************************************************

SANDRA G. HALE,

Plaintiff-Appellant

v.

DEPARTMENT OF VETERAN AFFAIRS; DOCTOR STEPHEN J. SEDER; DOCTOR RAJANI POTU; METREX RESEARCH, UNITED STATES; UNIVERSITY OF TEXAS SYSTEM; UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER,

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-1189
USDC No. 4:16-CV-3071

No. 16-20780

Before JOLLY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Sandra G. Hale filed in the district court a complaint raising personal injury claims against multiple defendants.  At the same time, Hale filed a similar complaint in state court, which was removed to the district court and filed as a separate action.  Hale now seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's orders consolidating her two civil actions and denying in part her motion to remand her claims to state court.  By seeking leave to proceed IFP in this court, Hale is challenging the district court's denial of her request for leave to proceed IFP on appeal and certification that this appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary."  *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987).  We lack jurisdiction to review either of the district court's orders because they are not final judgments for purposes of 28 U.S.C. § 1291; they are not among the type of orders listed in § 1292(a); they were not certified by the district court under Federal Rule of Civil Procedure 54(b) or 28 U.S.C. § 1292(b) to be final appealable orders; and they do not fall within a jurisprudential exception, such as the collateral-order doctrine, that would render them final, appealable orders.  *See Dardar v. Lafourche Realty Co.*, 849 F.2d 955, 957-59 (5th Cir. 1988); *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102-03 & n.3 (5th Cir. 1981); *see also In re Macon Uplands Venture*, 624 F.2d 26, 27-28 (5th Cir. 1980) (holding that an order of consolidation is interlocutory and not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

immediately appealable); *Melancon v. Texaco, Inc.*, 659 F.2d 551, 552-53 (5th Cir. 1981) (holding that the denial of a motion to remand is interlocutory and not immediately appealable).

Because this court lacks jurisdiction to consider Hale's appeal from the district court's interlocutory orders, she has not shown that she will present a nonfrivolous issue on appeal.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Accordingly, her motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED for lack of jurisdiction.