# United States Court of Appeals
# for the Fifth Circuit

———————

United States Court of Appeals
Fifth Circuit

**FILED**

September 27, 2024

Lyle W. Cayce
Clerk

No. 24-60273

———————

Ikechukwu Hyginius Okorie,

*Plaintiff—Appellant*,

*versus*

First Bank; Eileen N. Shaffer; Timothy Matthew
Farris,

*Defendants—Appellees*,

_____

Ikechukwu Hyginus Okorie,

*Plaintiff—Appellant*,

*versus*

Wells Fargo Bank; Erno D. Lindner,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC Nos. 2:24-CV-46, 2:24-CV-61

_____

Before Jolly, Graves, and Oldham, *Circuit Judges*.

No. 24-60273

Per Curiam:[*]

This appeal involves a *pro se* litigant's bankruptcy proceedings. The orders he appeals are interlocutory, and thus, we cannot review them. As such, the appeal is dismissed.

I.

The plaintiff-appellant, Ikechukwu Okorie, filed two separate but substantially identical complaints against defendant-appellees First Bank, Eileen Shaffer, Timothy Farris, Wells Fargo, and Erno Lindner in federal district court. Both complaints arise from the same underlying bankruptcy case and expressly state that "[t]he dispute forming the substance of this action is based on [the underlying bankruptcy case]." The complaints were assigned to the same district judge.

The defendant-appellees filed a Joint Motion to Consolidate Related Cases, which Okorie opposed. The district court granted defendant-appellees' motion in the Consolidation Order. That same day, the district court, in response to First Bank's Motion for Referral to Bankruptcy Court and "sua sponte for case management purposes," issued the Referral Order thereby "refer[ing] the consolidated cases to the United States Bankruptcy Court for the Southern District of Mississippi."

II.

Okorie appeals both the Consolidation Order and the Referral Order. Both orders, however, are interlocutory, since there is no final judgment. The Consolidation Order is "not [a] final judgment[] for purposes of 28 U.S.C. § 1291; [is] not among the type of orders listed in § 1292(a); [was] not certified by the district court under Federal Rule of Civil Procedure 54(b) or 28 U.S.C. § 1292(b) to be final appealable orders; [and it does] not fall within a jurisprudential exception, such as the collateral-order doctrine, that would

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

render [it a] final, appealable order." *Hale v. United States*, 698 F. App'x 211 (5th Cir. 2017). Similarly, the Referral Order "merely refers [t]his case to the bankruptcy court for further proceedings - clearly indicating that the referral is only a preliminary step in [this] lawsuit." *Higdon v. Hensley*, 49 F.3d 728 (5th Cir. 1995) (quotations omitted). Thus, the Referral Order "does not end the litigation on the merits . . . [rather,] it expressly indicates that litigation on the merits will resume in the bankruptcy court." *Id.*

## III.

In sum, this Court cannot review the Consolidation Order nor the Referral Order because they are interlocutory. Accordingly, the appeal is, in all respects,

DISMISSED.