# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 19, 2025

Lyle W. Cayce
Clerk

_____

No. 24-60472
Summary Calendar
_____

Ikechukwu Hyginius Okorie,

*Plaintiff—Appellant*,

*versus*

PriorityOne Bank; Derek Henderson,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:24-CV-47

_____

Before Jolly, Jones, and Willett, *Circuit Judges*.

Per Curiam:*

This appeal arises from a *pro se* litigant's bankruptcy proceedings. The order that he appeals is interlocutory, and thus, we lack jurisdiction to review it. As such, the appeal is dismissed.

I.

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60472

Plaintiff-Appellant, Ikechukwu Okorie, sued Defendants-Appellees PriorityOne Bank and Derek Henderson, its attorney. The complaint expressly states that "[t]he dispute forming the substance of this action is based on [the underlying bankruptcy case]." Okorie later moved to disqualify Henderson, arguing that Henderson could not serve as both counsel to PriorityOne and a defendant himself.

The district court, in response to PriorityOne and Henderson's motion, ordered the case referred to bankruptcy court. In the same order, the district court denied Okorie's motion to disqualify Henderson with prejudice.

## II.

On appeal, Okorie raises several issues. We have no jurisdiction to address his arguments, however, because there is no final, appealable order.

The order that Okorie appeals is

> not [a] final judgment[] for purposes of 28 U.S.C. § 1291; [is] not among the type of orders listed in § 1292(a); [was] not certified by the district court under Federal Rule of Civil Procedure 54(b) or 28 U.S.C. § 1292(b) to be final appealable orders; [and it does] not fall within a jurisprudential exception, such as the collateral-order doctrine, that would render [it a] final, appealable order.

*Hale v. United States*, 698 F. App'x 211 (5th Cir. 2017) (citing *Dardar v. Lafourche Realty Co.*, 849 F.2d 955, 957–59 (5th Cir. 1988); *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102–03 & n.3 (5th Cir. 1981); *In re Macon Uplands Venture*, 624 F.2d 26, 27–28 (5th Cir. 1980); *Melancon v. Texaco, Inc.*, 659 F.2d 551, 552–53 (5th Cir. 1981)). Instead, the order "merely refers [t]his case to the bankruptcy court for further proceedings—clearly indicating that the referral is only a preliminary step in [this] lawsuit." *Higdon v. Hensley*, 49 F.3d 728 (5th Cir. 1995) (quotations omitted). Thus, the order "does not end the litigation on the merits . . . [rather,] it expressly indicates that litigation on the merits will resume in the bankruptcy court." *Id.*

No. 24-60472

To be clear, the order as to both referral and Henderson's disqualification fails to meet the criteria of a final, appealable order. *See id.* (describing the long-held rule that orders referring cases to bankruptcy court are not appealable); *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 426 (1985) (holding that disqualification orders in civil cases are not collateral orders subject to immediate appeal). We thus dismiss Okorie's appeal for lack of jurisdiction.

### III.

In sum, we dismiss the appeal because the order is not final, and we thus lack jurisdiction. Accordingly, the appeal is

DISMISSED.